UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY L. DUGAN,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. CV-08-0183-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 11, 13.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 3.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

Plaintiff Terry L. Dugan (Plaintiff) protectively filed for disability insurance benefits (DIB) and for social security income (SSI) on June 7, 2006. (Tr. 161.) Plaintiff initially alleged an onset date of August 1, 2000. (Tr. 161.) Benefits were denied initially and on reconsideration. (Tr. 88, 94.) Plaintiff requested

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

a hearing before an administrative law judge (ALJ), which was held before ALJ Hayward C. Reed on September 26, 2007. (Tr. 25-79.) Plaintiff was represented by counsel and testified at the hearing. At the hearing, Plaintiff amended the alleged onset date to January 1, 2004. (Tr. 27.) The ALJ denied benefits (Tr. 10-21) and the Appeals Council denied review. (Tr. 3.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 50 years old. (Tr. 478.) She quit school in the eighth grade. (Tr. 56.) Plaintiff has previous work experience as a bartender, caregiver, dishwasher, laundry worker, housekeeper, and hotel cleaner. (Tr. 60-61, 123.) Plaintiff testified the physical problems preventing her from working are problems with her back and knees. (Tr. 66.) She alleged she hears voices every day and the voices are not as strong when she takes medication. (Tr. 64.) Plaintiff admitted she has had drug problems throughout most of her life. (Tr. 62.) She has been arrested for possession of marijuana and tested positive for methamphetamine while in a drug treatment program. (Tr. 62-63.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

1  determination that a plaintiff is not disabled will be upheld if the
2  findings of fact are supported by substantial evidence." *Delgado v.*
3  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).
4  Substantial evidence is more than a mere scintilla, *Sorenson v.*
5  *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a
6  preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir.
7  1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d
8  573, 576 (9th Cir. 1988). Substantial evidence "means such evidence
9  as a reasonable mind might accept as adequate to support a
10 conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971)
11 (citations omitted). "[S]uch inferences and conclusions as the
12 [Commissioner] may reasonably draw from the evidence" will also be
13 upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On
14 review, the Court considers the record as a whole, not just the
15 evidence supporting the decision of the Commissioner. *Weetman v.*
16 *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*,
17 648 F.2d 525, 526 (9th Cir. 1980)).
18      It is the role of the trier of fact, not this Court, to resolve
19 conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence
20 supports more than one rational interpretation, the Court may not
21 substitute its judgment for that of the Commissioner. *Tackett*, 180
22 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).
23 Nevertheless, a decision supported by substantial evidence will still
24 be set aside if the proper legal standards were not applied in
25 weighing the evidence and making the decision. *Brawner v. Sec'y of*
26 *Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus,
27 if there is substantial evidence to support the administrative
28 findings, or if there is conflicting evidence that will support a

finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

1  from engaging in his or her previous occupation.  The burden then
2  shifts, at step five, to the Commissioner to show that (1) the
3  claimant can perform other substantial gainful activity, and (2) a
4  "significant number of jobs exist in the national economy" which the
5  claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.
6  1984).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2004, the amended alleged onset date. (Tr. 13.) At step two, he found Plaintiff has the severe impairments of polysubstance dependence, depression, back and knee pain, and obesity. (Tr. 13.) At step three, the ALJ found Plaintiff's impairments, including the substance use disorders, meet sections 12.04 and 12.09 of 20 C.F.R., Appendix 1, Subpart P, Appendix 1 (Listings). (Tr. 14.)

Next, the ALJ concluded if Plaintiff stopped substance abuse, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, Plaintiff would have a severe impairment or combination of impairments. (Tr. 15.) The ALJ then found if Plaintiff stopped substance use, she would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.)

The ALJ further determined if Plaintiff stopped the substance use, "The claimant would have the residual functional capacity to perform medium work except the claimant has no restriction of activities of daily living, but mild difficulty in maintaining social functioning and mild difficulties in maintaining concentration,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

persistence, or pace." (Tr. 17.) At step four, the ALJ found Plaintiff would be able to perform past relevant work as a child care provider, hotel cleaner, or dishwasher, if she stopped the substance abuse. (Tr. 20.) The ALJ concluded that because Plaintiff would not be disabled if she stopped the substance use, the claimant's substance use disorder is a contributing factor material to the determination of disability. Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the amended alleged onset date through the date of the decision. (Tr. 21.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts the ALJ erred by improperly considering psychological opinion evidence. (Ct. Rec. 12 at 13-14.) Plaintiff also argues new evidence submitted to the Appeals Council requires remand. (Ct. Rec. 12 at 14-16.) Defendant asserts the ALJ's analysis of the medical evidence was sufficiently supported and the new evidence submitted to the Appeals Council does not warrant remand. (Ct. Rec. 14 at 12-19.)

**DISCUSSION**

**A.   Sequential Evaluation in the Context of Substance Abuse**

The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C). Special statues and regulations govern disability claims involving substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ

must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must conduct the five-step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id.* If the ALJ finds the claimant disabled, and there is evidence of substance addiction, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001.) If the claimant is found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). As stated by the *Parra* court, a drug addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id.* Thus, through the CAAA, Congress seeks "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d at 817, 824 (9th Cir. 2001).

In this case, the ALJ properly conducted the sequential analysis and determined that Plaintiff's impairments meet the Listings without attempting to determine the effect of substance addiction. (Tr. 14.) The ALJ then determined that without substance abuse, Plaintiff would have a severe impairment, but no impairment or combination of impairments would meet or medically equal the Listings. (Tr. 16.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

The ALJ next determined Plaintiff's residual functional capacity without substance abuse and concluded Plaintiff could return to past work if she stopped substance abuse. (Tr. 20.) Thus, the ALJ concluded Plaintiff would not be disabled without the effects of substance abuse and therefore Plaintiff's substance use disorder is a contributing factor material to the determination of disability. (Tr. 21.) Plaintiff's assignments of error are focused on the weight given to the medical evidence in determining Plaintiff's residual functional without substance abuse. (Ct. Rec. 12 at 13-16.)

**B.  Medical Opinions**

The ALJ must consider the opinions of acceptable medical sources about the nature and severity of the Plaintiff's impairments and limitations. 20 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-6p. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

**1. Dr. Mabee**

The record includes a narrative report dated February 15, 2007, and a DSHS psychological assessment form dated March 1, 2007, prepared by an examining physician, Dr. Scott Mabee, and Kristin Sims, a licensed mental health counselor.[1] (Tr. 256-64.) Dr. Mabee diagnosed schizophrenia, cannabis dependence in early partial remission, and amphetamine dependence in sustained full remission. (Tr. 257, 263.) Dr. Mabee assessed three severe and four marked functional limitations in Plaintiff's cognitive and social abilities. (Tr. 258.) The ALJ accorded little weight to Dr. Mabee's assessment. (Tr. 19.)

Dr. Mabee's report conflicts with the opinion of Dr. Klein, the medical expert. Dr. Klein testified there is no evidence Plaintiff suffers from schizophrenia absent drug and alcohol abuse and diagnosed drug and alcohol abuse and depressive disorder. (Tr. 30-31.) Dr. Klein also assessed only mild social restriction and mild restriction

---

[1] Ms. Sims is listed as the examining professional on the DSHS psychological evaluation form dated March 1, 2007; Dr. Mabee signed as the releasing authority. (Tr. 259.) The narrative psychological evaluation dated February 15, 2007, is signed by both Ms. Sims and Dr. Mabee. (Tr. 264.) In a letter dated October 11, 2007, Dr. Mabee indicated that Ms. Sims evaluated Plaintiff on February 15, 2007, and he reviewed the findings in her report before submitting the report to the DSHS caseworker. (Tr. 319.) The ALJ referred to the contents of the DSHS form as Ms. Sims' diagnosis, findings and assessment. (Tr. 14, 19.) For clarity, the February 2007 assessment and March 2007 DSHS evaluation are referenced herein as the opinions of Dr. Mabee.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

of concentration, persistence and pace. (Tr. 31.) Because Dr. Mabee's report was contradicted by Dr. Klein, the ALJ was required to provide specific, legitimate reasons for rejecting Dr. Mabee's report.

The ALJ listed a number of reasons for rejecting Dr. Mabee's report. First, he noted the assessment was "a checkblock form report of a single examination." (Tr. 19.) The ALJ correctly pointed out that opinions on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions may accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir. 1996). However, the ALJ appears to have overlooked the narrative attachment twice referenced by Dr. Mabee on the DSHS form under the heading "Functional Limitations." (Tr. 258, 260-65.) Dr. Mabee's narrative provides a detailed explanation of the basis for his opinion, including the results of the diagnostic interview, mental status examination, and six objective tests administered in arriving at his conclusions. (Tr. 260-65.) Thus, the ALJ's implication that Dr. Mabee's report deserved less weight because it was an inadequately explained check-box form is not supported by the record and is, therefore, not a legitimate reason for rejecting the report.

Furthermore, the opinions of examining physicians must be considered by the ALJ. *See* 20 C.F.R. § 404.1527; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). By definition, an examining physician does not have an ongoing relationship with a claimant. The ALJ's suggestion that Dr. Mabee's report is inadequate because it is the result of a one-time examination leads to the conclusion that the opinions of all examining physicians or psychologists should be discarded. By that reasoning, it would follow that Dr. Klein's report

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

should also be discarded, as he never examined Plaintiff. The regulations and case law require consideration and appropriate weighting of examining physician opinions. *Id.* Thus, the ALJ's implication that Dr. Mabee's report based on a one-time exam should be rejected is erroneous.

Second, the ALJ pointed out the report "was predicated on self-report in a secondary gain context." (Tr. 19.) As explained above, Dr. Mabee's narrative shows the results of numerous objective tests considered in addition to Plaintiff's self-report. The ALJ's assertion that the report is based on self-report is not supported by the record and is therefore not a specific, legitimate reason for rejecting Dr. Mabee's report.

The third reason given by the ALJ for rejecting Dr. Mabee's report is the DSHS form completed by Dr. Mabee does not distinguish between the level of impairment with and without drug and alcohol abuse. (Tr. 19.) However, section F of the DSHS form is entitled "Substance Abuse." (Tr. 257-58.) In that section of the report, Dr. Mabee opined, "No diagnosed condition likely caused by alcohol or drug abuse"; "Alcohol and/or drug treatment won't decrease severity of schizophrenia"; and, "It is not likely that the present level of drug abuse exacerbates other diagnosed condition." (Tr. 257-58.) Dr. Mabee also indicated that sixty days of abstinence from alcohol or drug use would have "[n]o effect on diagnosed condition of schizophrenia." (Tr. 257.) Dr. Mabee was clear that his diagnosis of schizophrenia exists notwithstanding Plaintiff's substance abuse. While the ALJ is correct that the form does not specifically distinguish the assessment of limitations with and without the effects of substance abuse, Dr. Mabee's statement that Plaintiff's current

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

level of drug abuse does not exacerbate Plaintiff's condition suggests his assessment of limitations would remain the same with or without the effects of Plaintiff's drug and alcohol abuse. This is also confirmed by Dr. Mabee's letter to the ALJ dated October 11, 2007.[2] (Tr. 319-20.) Thus, the ALJ's third reason for rejecting Dr. Mabee's opinion is not supported by the record and does not constitute a specific, legitimate reason for rejecting the report.

The ALJ's fourth reason for rejecting Dr. Mabee's report was "the evaluation of the claimant was done while the claimant was still abusing drugs and alcohol." (Tr. 19.) The ALJ noted that in March 2007, Dr. Mabee diagnosed Plaintiff's cannabis dependence "in early partial remission." (Tr. 14.) The ALJ also cited a psychological assessment and counseling records from Family Services Spokane in March and April 2007 which indicate Plaintiff said she still drinks and would use marijuana the rest of her life. (Tr. 14, 279, 289.) However, as discussed above, Dr. Mabee's opinion took into account the effect of drug abuse on Plaintiff's condition. Thus, this is not an appropriate reason for rejecting Dr. Mabee's report.

A fifth justification offered by the ALJ in rejecting Dr. Mabee's report is the definition of "marked" on the DSHS form differs from the definition contained in the regulations for assessing mental health disorders. The ALJ also noted comments on the DSHS form show the standards for completing the form and the public interest served by the form are different from the standards and objectives of the Social Security Administration procedures. (Tr. 19.) The ALJ asserts that

---

[2] The ALJ's consideration of Dr. Mabee's letter dated October 11, 2007, is discussed in detail below.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

accordingly, Dr. Mabee's comments and findings on the public assistance evaluation are not entitled to controlling weight under S.S.R. 96-2p.

The ALJ's reasoning is erroneous.  First, S.S.R. 96-2p is inapplicable because it addresses the opinions of treating medical sources, not examining or consulting opinions. Second, even if S.S.R. 96-2p did apply, when an opinion is not entitled to controlling weight, it is still entitled to some weight and need not automatically be rejected. S.S.R. 96-2p.  Third, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it. *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).  Finally, Dr. Mabee's opinion is not limited to the terms in the DSHS. He explained his opinion in detail in the accompanying narrative assessment. Thus, this is not a legitimate reason for rejecting Dr. Mabee's report.

The ALJ also considered an explanatory letter from Dr. Mabee dated October 11, 2007.  (Tr. 19-20, 319-20.)  As noted by the ALJ, Dr. Mabee opined that although substance abuse exacerbated Plaintiff's thinking disorder, it was not the sole cause of her mental health problems.  (Tr. 20, 319.) Dr. Mabee responded to the findings of the medical expert, Dr. Kein, as expressed at the hearing, and further explained the basis for his opinion. (Tr. 319-20.) The ALJ gave the letter little weight because, "Dr. Mabee did not give any specific limitations for the claimant or a rating under the 'B' criteria." (Tr. 20.) This is not a specific, legitimate reason for rejecting Dr. Mabee's opinion.  The regulations require the ALJ to consider the opinions of all relevant sources, not only those opinions specifically addressing the existence of the functional limitations found in paragraph B of the Listings.  20 C.F.R. § 404.1527.  The ALJ's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

reasoning would result in the exclusion of many significant medical and psychological opinions in disability claims, contrary to the regulations.

Adequate reasons for rejecting Dr. Mabee's report were not provided. Although specific, legitimate reasons may exist for rejecting Dr. Mabee's report, the court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). Here, there is error as none of the reasons cited by the ALJ justify rejecting Dr. Mabee's report.

**2.   Dr. Bonner and Dr. Layton**

Plaintiff also challenged the ALJ's evaluation of the opinions of Spokane Mental Health providers Dr. Bonner and Dr. Layton.[3] (Ct. Rec. 12 at 14.) Plaintiff asserts "the ALJ did not provide any reasons whatsoever for rejecting the opinions of the treating physicians at Spokane Mental Health." (Ct. Rec. 12 at 14.) However, the ALJ addressed Dr. Bonner's and Dr. Layton's assessment by stating, "The assessment done by Dr. Bonner is given little weight because his diagnosis does not include substance dependence. He appeared to be unaware of the claimant's continued substance use." (Tr. 19.) The ALJ's explanation for the weight given to the opinion of Drs. Bonner and Layton is supported by the record and is a specific, legitimate reason for giving the opinion little weight in determining Plaintiff's

---

[3] Carl Bonner, M.D., and psychiatrist Matthew Layton, M.D., Ph.D., both signed a psychiatric assessment dated June 19, 2007. (Tr. 295-97.) The ALJ referenced the opinion as Dr. Bonner's assessment and did not mention Dr. Layton. (Tr. 14, 19.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15

residual functional capacity without the effects of substance abuse.

### 3. Dr. Gentile

Plaintiff also argues the ALJ's opinion of Dr. Gentile, a state reviewing psychologist, was improperly rejected by the ALJ. (Ct. Rec. 12 at 14.) On September 26, 2006, Dr. Gentile completed a psychiatric review technique form and a mental residual functional capacity assessment. (Tr. 238-55.) Dr. Gentile assessed one marked limitation in the ability to interact appropriately with the public and five additional moderate limitations. (Tr. 252-53.) The ALJ summarized Dr. Gentile's opinion, then noted "these limitations were assessed without taking into consideration the claimant's substance abuse." (Tr. 20.) Without citing the record or making any other argument, Plaintiff asserts, "This is wrong. Dr. Gentile did consider Ms. Dugan's substance abuse and specifically reported Ms. Dugan's limitation in her Psychiatric Review Technique form." (Ct. Rec. 12 at 14.) In fact, Dr. Gentile noted, "It is unclear from the MER (lack of clear drug testing on admissions to psych) if clt [claimant] has a drug-induced or psychotic process. Either way, clt does appear stable on current meds and is functionally rated w/ that same level of clarity on recent exam." (Tr. 250.) The ALJ's comment suggests he may have erred by overlooking Dr. Gentile's note regarding the effects of Plaintiff's substance abuse.[4] However, Plaintiff's conclusion that

---

[4]It is noted that the ALJ's comment about Dr. Gentile's report is ambiguous. The ALJ's statement that the limitations were assessed "without taking into consideration the claimant's substance abuse" could be interpreted to mean that Dr. Gentile did not separate the effects of Plaintiff's substance abuse in making her diagnosis and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16

Dr. Gentile assessed Plaintiff's limitations notwithstanding her drug abuse is faulty.  Dr. Gentile's notes indicate she could not make a determination as to whether Plaintiff's condition is drug-induced or psychotic.  (Tr. 250.)  This does not assist the ALJ in determining which of Plaintiff's limitations would remain without the effects of drug and alcohol abuse.  Thus, even if the ALJ had acknowledged Dr. Gentile's comments about the effects of substance abuse, they would have no impact on the ultimate determination of disability without the effects of substance abuse.  Errors that do not affect the ultimate result are harmless errors.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).  Thus, although the ALJ may have incorrectly stated Dr. Gentile did not address the effect of drug and alcohol abuse, the error is harmless.

### 4.   Dr. Klein

Although Plaintiff makes virtually no argument in support, she suggests the ALJ improperly relied on the testimony of Dr. Klein, a consulting physician who never treated or examined Plaintiff. (Ct. Rec. 12 at 13.)  The court does not reach this issue, as the ALJ's error regarding the consideration of Dr. Mabee's report necessitates

---

assessing limitations, which is in fact correct.  It could also be interpreted to indicate the ALJ did not see Dr. Gentile's comments about the role of substance abuse in her assessment.  The court interprets the ALJ's statement in the light most favorable to the Plaintiff, which suggests the ALJ erred by overlooking Dr. Gentile's comments about substance abuse.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -17

reconsideration of Dr. Klein's opinion, as well.

**5.   Post-Decision Evidence**

Plaintiff also argues a second explanatory letter from Dr. Mabee dated January 3, 2008, justifies a finding that Plaintiff is not disabled. (Ct. Rec. 12 at 14-17.)  Although the ALJ did not have the opportunity to consider the letter, it is properly considered by the court because the Appeals Council considered it in denying Plaintiff's request for review.   (Tr. 3-6); *see Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).  However, evidence obtained after the ALJ has issued an adverse determination is less persuasive.  *See Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989).  The court concludes the contents of the letter do not warrant reversal but, on remand, the ALJ shall consider all relevant opinion evidence and weigh it accordingly.

**6.   Period at Issue**

Lastly, Defendant raises an issue regarding the period covered by the ALJ's decision. (Ct. Rec. 14 at 10.)  On remand, the ALJ should clarify the period covered by his decision and address any issues relating to the timing of evidence and Plaintiff's dates last insured.

**7.   Remedy**

The ALJ failed to provide sufficient reasons for rejecting the opinions of Dr. Mabee, an examining psychologist.  There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).  Another approach is found

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -18

in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). In this case, there may be evidence in the record which the ALJ could cite to provide the requisite specific, legitimate reasons for rejecting the opinions of Dr. Mabee, so remand is the proper remedy.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ should reconsider the psychological opinion evidence and support his findings regarding those opinions with specific, legitimate evidence in the record. If necessary, the ALJ should make a new residual functional capacity finding and obtain testimony from a vocational expert. The ALJ should also clarify the periods covered by the decision and consider the relevant evidence as is appropriate. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 13)** is

1  **DENIED.**

2      3.  An application for attorney fees may be filed by separate
3  motion.

4      The District Court Executive is directed to file this Order and
5  provide a copy to counsel for Plaintiff and Defendant.  Judgment shall
6  be entered for Plaintiff and the file shall be **CLOSED.**

7      DATED May 5, 2009.

                                    S/ CYNTHIA IMBROGNO
                           UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -20